**Dated: February 10, 2010**

**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**GARY NOEL CLAY**                      Case No. 09-80909-TRC
**THERESA SUE CLAY**                   Chapter 7
                            Debtors.

**JACLYN LITTLE,** _Surviving Spouse and_
_Personal Representative of Bryan Anthony Little,_

                       Plaintiff,

v.                                    Adv. No. 09-8039

**GARY NOEL CLAY** and
**THERESA SUE CLAY**,

                       Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**
**<u>PLAINTIFF'S COMPLAINT</u>**

On December 2, 2009, there came on for hearing Defendants' Motion to Dismiss Plaintiff's

Complaint (Docket Entry 7) and Plaintiff's Response (Docket Entry 12). Appearances were entered by Scott P. Kirtley for Plaintiff, and Mark A. Craige for Defendants. After hearing the arguments of counsel, this Court gave the parties time to submit additional authorities, and then took the matter under advisement. Plaintiff filed her Supplemental Response to Motion to Dismiss (Docket Entry 15) and Defendants submitted Additional Authorities (Docket Entry 16). For reasons set forth below, the Defendants' Motion to Dismiss Plaintiff's Complaint is denied, and Plaintiff is allowed fourteen (14) days to amend her Complaint.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Defendants seek to dismiss this adversary proceeding pursuant to Fed. R. Civ. P. 12 (b)(6), made applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b), on the grounds that it is barred by the statute of limitations for tort claims, and because it fails to allege a prima facie case under 11 U.S.C. § 523(a)(6), which requires a willful and malicious injury rather than mere negligence. Plaintiff responds that: she had little time to file this action since notice of the bankruptcy was served on her deceased attorney from the previous bankruptcy case; she had an allowed claim that was negotiated and settled under the previous Chapter 11 Plan for which she has received no payments; and that the statute of limitations for tort claims is not applicable since her claim was allowed under the Chapter 11 Plan. She also questions whether Defendants are eligible for a discharge in this case due to their previous Chapter 11 case. She asks that she be allowed to amend her Complaint to allege additional causes of action to avoid dismissal.

In considering a motion to dismiss, all facts alleged by the plaintiff are considered to be true, and dismissal is appropriate only if it appears beyond doubt that the plaintiff will be unable to prove

any set of facts that will entitle her to relief. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court may not consider matters extrinsic to the pleadings; however, the Court may take judicial notice of adjudicative facts in prior proceedings before the Court without converting the motion to one for summary judgment. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Both parties to this adversary proceeding have invited the Court to examine Debtors' previous Chapter 11 bankruptcy case, therefore, this Court takes judicial notice of the pertinent pleadings and proceedings in that case.

Plaintiff's action stems from a wreck at Defendants' racetrack, Outlaw Motor Speedway, which resulted in the death of her husband, Bryan Little, in September of 2003. Defendants filed a Chapter 11 bankruptcy in this Court on November 3, 2003, Case No. 03-74414, which was consolidated with another Chapter 11 bankruptcy, Case No. 03-74415, involving a roofing business that Defendants were involved in, Five Star Roofing, Inc. Plaintiff filed a claim for wrongful death against Five Star Roofing, Inc., and Gary and Theresa Clay in the consolidated Chapter 11 case. Her claim was included in the Plan as a Class 12, general, unsecured claim, in the amount of $5,723,768.00. According to the Disclosure Statement, the allowance of this claim represented a settlement of Plaintiff's claim against the Clays, and was "motivated by the debtors' intent to avoid the time and expense of prolonged litigation and to effect distributions to creditors in an efficient and timely basis." (Case No. 03-74415, Docket Entry 525).

In the Plan, the claim was identified as belonging to Jaclyn Little as Next Friend of three minors: Keeley Addison Little, Bryan Eli Little, and Lake Adelyn Little. The Plan also provided that "debtors' consent to the allowability of this claim does not constitute an admission of liability of any kind." (Case No. 03-74415, Docket Entry 526). The Third Amended Plan, which was ultimately

confirmed by this Court, provided that $150,000 would be used to pay such claims on a pro rata basis over a five year period after final resolution of all disputed claims filed against the estate. The Plan defined "Debtor" as Five Star Roofing, Inc., although both Five Star and the Defendants are listed as Debtors in the caption and title of the Plan, and the plural "debtors" is used throughout the Plan, rather than the singular "debtor." This Court confirmed the Plan on October 12, 2005. The Confirmation Order refers only to Debtor Five Star Roofing, Inc., and states: "The Debtor is discharged of the debt specified in the Plan in accordance with the terms of the confirmed Plan and 11 U.S.C. §1141(d)." This Court approved the Debtors' Chapter 11 Final Report on May 10, 2006, and closed the Chapter 11 cases by Final Decree entered on June 30, 2006. The Plaintiff has represented to this Court that no payments were made under the Plan, but the Court has been presented with no evidence on this point. No adversary proceeding was ever instituted by Mrs. Little in the Chapter 11 cases.

Defendants filed this Chapter 7 bankruptcy on June 11, 2009. Plaintiff Jaclyn Little is listed as an unsecured creditor on Schedule F, in the amount of $5,723,768.00. Apparently, notice of this bankruptcy was given to Plaintiff's attorney in the Chapter 11 case, Robert A. Todd, who died in 2006. Thus, she did not receive notice of this bankruptcy until several months after it was filed. She filed this Adversary proceeding through her new attorney, Scott Kirtley, seeking a determination that her claim should be excepted from discharge under 11 U.S.C. § 523(a)(6).

It appears to this Court that initially both parties treated this as a § 523(a)(6) case. Neither the Complaint nor the Motion to Dismiss refers to the Debtors' previous Chapter 11 case. Since these initial pleadings, however, both sides have had the opportunity to review the record of Debtors' Chapter 11 case, and they have shifted their analysis and arguments to incorporate it. Based upon

all that has been presented as this point, it appears to the Court that the Plaintiff may have two possible causes of action against Defendants. The first one is that alleged in the Complaint: that Plaintiff's claim against the Defendants is nondischargeable under 523(a)(6). The second cause of action, which has been suggested in the briefs and arguments of both parties but has not been formally plead by Plaintiff, is for breach of the confirmed Chapter 11 Plan.

It is well-settled that a confirmed plan creates a new contract between the debtor and interested parties, which replaces pre-petition obligations with a new contractual obligation in accordance with the creditor's treatment under the confirmed plan. 11 U.S.C. § 1141; *Paul v. Monts*, 906 F.2d 1468, 1471 (10th Cir. 1990); *In re Manchester Gas Storage, Inc.* 309 B.R. 354, 382 (Bankr. N.D. Okla. 2004). Where a debtor fails to make payments or act in accordance with a confirmed plan, a creditor's remedy may be for breach of contract or suit to enforce the debtor's obligation. *See Paul,* 906 F.2d at 1476; *see also* 7 *Collier on Bankruptcy* ¶ 1129.01[1](Alan N. Resnick and Henry J. Sommer eds., 16th ed.). And, in *Paul*, the Tenth Circuit states that confirmation of a plan is tantamount to a judgment, from which equitable relief may be available. *Id*. at n.3. A confirmed plan is construed and interpreted in accordance with the law of the state in which the plan was confirmed. *C.F. Brookside, Ltd. v. Skyview Memorial Lawn Cemetery (In re Affordable Housing Development Corp.)*, 175 B.R. 324, 329 (9th Cir. BAP 1994). Thus, it appears to this Court that Plaintiff's claim in this case may arise from the confirmed plan in the Defendants' Chapter 11 case.

Defendants do not dispute any of this. However, they argue that Plaintiff's claims are barred by the statute of limitations, which they suggest is a two year period since Plaintiff's initial claim against Defendants was a wrongful death claim. *See* Okla. Stat. tit. 12, § 1053. Plaintiff, on the

other hand, argues that there is no statute of limitations on her claim under § 523(a)(6) in this bankruptcy.  The Court finds no case law in this Circuit regarding this issue.  It is true that § 1142 does not specify any period of limitations within which proceedings must be commenced to enforce the terms of a confirmed Chapter 11 plan, nor does the Plan in Debtors' previous bankruptcy establish a limitations period.  However, it does not seem practical to this Court that a creditor could seek to assert its rights and enforce a confirmed plan for an indefinite period of time.  Instead, it seems most logical to look to the essential nature of the claim to determine the appropriate statute of limitations.  Here, the essential nature is contractual since it is for enforcement of rights under the confirmed plan or for breach of the contract created by the confirmed plan.  *See In re Hillard Development Corp.*, 238 B.R. 857 (Bankr. S.D. Fla. 1999); *see also Affordable Housing Development Corp.*, 175 B.R. at 329.   In Oklahoma, the statute of limitations for a claim under a written contract is five years.  Okla. Stat. tit. 12, § 95(A)(1); *see also Hillard* at 873 (citations omitted.)

Relying upon the timeline identified by Defendants in their Submission of Additional Authorities, which is based upon the record in the Chapter 11 case, the breach under the Plan occurred on July 20, 2006.  This bankruptcy was filed on June 11, 2009, and this adversary proceeding was filed on September 28, 2009, therefore, Plaintiff's claim against Debtors and this adversary proceeding are well within five years of the purported breach.  Therefore, Plaintiff's claim is not time-barred.

Defendants also argue that Plaintiff's claim under § 523(a)(6) cannot survive on its own, or as a breach of contract claim because she has not alleged a prima facie case under that section.  Assuming the allegations in Plaintiff's Complaint to be true - that Plaintiff's husband died as a result

of injuries he suffered during a race at Defendants' racetrack, that Defendants sold extremely flammable racing fuel to Mr. Little, and that Defendants failed to provide fire trucks or fire extinguishers - the Court cannot find that Plaintiff will be unable to prove any set of facts that will entitle her to relief. An injury may be willful and malicious under § 523 (a)(6) if it was wrongful and without just cause or excuse, or where the debtor's action was "substantially certain to result in injury." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir. 2001). *See also Bowles v. Goss (In re Goss)*, 2006 WL 4470834 (Bankr. E.D. Okla.). A cause of action for breach of an agreement may also fall within this exception to discharge where a debtor wilfully acts with knowledge that his conduct will result in a particular injury. *See In re Pasek*, 983 F.2d 1524 (10th Cir. 1993).

Although the Court acknowledges that the facts plead thus far are minimal, it is not prepared to dismiss this adversary at this time, particularly since the parties have raised the existence of issues and causes of action under the confirmed Chapter 11 plan. There are certain ambiguities in the confirmed plan and issues regarding its interpretation, such as which debtors were covered by the Plan, what effect confirmation had upon the discharge, and whether these Debtors were discharged. Further, it is unclear whether there was ever any intent of these Debtors to carry out the Chapter 11 Plan.[1] *See* 11 U.S.C. § 1129(a)(3). However, a determination of these issues is not necessary for the Court to decide the Defendants' Motion to Dismiss. Therefore, it is the decision of this Court based upon the record before it at this time that Plaintiff may be able to prove a set of facts that would entitle her to prevail on her claim under 523(a)(6) or as a breach of contract action under the previous Chapter 11 confirmation order, and that her claim in this bankruptcy is not time-barred.

---

[1]The Court has examined the Debtors' schedules filed in this Chapter 7 bankruptcy. It appears that Debtors received income of over $ 850,000 in 2007 and 2008, yet, according to Plaintiff, no payments were ever made under the previous Chapter 11 Plan.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is **denied**.

IT IS FURTHER ORDERED that Plaintiff shall have fourteen (14) days from the entry of this Order within which to file an Amended Complaint.

mlt                                        ###